IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

KENNETH HUNT                                                                        PLAINTIFF

    vs                          2:03CV00194-WRW

HAROLD SMITH, et al.                                                               DEFENDANTS

**ORDER GRANTING PARTIAL SUMMARY JUDGMENT**

On September 26, 2006, a hearing was held in this case to consider arguments on pending Motions for Summary Judgment. A Motion for Summary Judgment was filed by Separate Defendants Means, Munns, and Sims, who are officials with the Arkansas Department of Finance and Administration ("ADFA"),[1] and by Separate Defendant, Blake Spears who is a public defender.[2] A Motion was filed by the City of Marianna and the following municipal employees: Harold Smith, Tony Bond, Michael Thomas, Douglas Kennedy, Martin Wilson, Richard Richardson, A.O. Byles, Crystal Greer, and Ovell Scott, police officers for the city; Robert Taylor, the mayor; James Tucker and Steve Davis, Chiefs of Police; Dan Felton, III, Marianna District Court Judge; Robert Donovan, City Attorney; Doddridge Daggett, Deputy Prosecuting Attorney; and Wilson Kell, Bud Davis, Patsy Buford, Martin Chaffin, Otha Westbrook, Essie Westbrook, Johnny Evans and Oliver Hightower, who are City Councilpersons.[3] Plaintiff, Kenneth Hunt Responded to the Motions.[4]

---

[1]Doc. No. 145.

[2]Doc. No. 147.

[3]Doc. No. 159.

[4]Doc. Nos. 194, 196 and 198.

Argument was also heard on Plaintiff's pending Motion to serve Defendant, Dan McGill,[5] with the Second Amended Complaint,[6] and to depose Mr. McGill.[7] After the hearing on these Motions, Separate Defendants, the City of Marianna and its employees, filed a Motion to Reply to Plaintiff's Response, and for an extension.[8]

## I. Background

Plaintiff, Kenneth Hunt filed a § 1983 action against the City of Marianna, and its employees, officials with ADFA, and Mr. Spears. Hunt also filed state claims of malicious prosecution and false arrest against officers Smith, Bonds, and Kennedy.

Kenneth Hunt ("Hunt") was arrested for driving while intoxicated in Marianna on December 20, 2000. The arresting officer, Harold Smith, was joined by Defendants Kennedy, and Bonds. Hunt alleges that he was not given a field sobriety test, and that he was taken to the city jail where he was strip searched. According to Hunt, the Chief of Police Steve Davis was present when Hunt was brought to the jail.

Because Hunt was charged with DWI, the ADFA scheduled a driver control hearing for January 25, 2001, to consider whether or not to suspend Hunt's driver's licence. Defendant Sims managed the Department of Driver control for the ADFA.

Defendant Spears is a public defender, and was assigned to Hunt for the DWI charge. Spears was notified of the ADFA driver's license hearing scheduled in January 2001, but he did not show up. Hunt showed up for this hearing, but he refused to speak because his lawyer wasn't

---

[5]Doc. No. 153.

[6]Doc. No. 72.

[7]Doc. No. 196.

[8]Doc. No. 206.

there. In addition to his job as public defender, Spears worked for the law firm of Donovan and Daggett.

Because he was unrepresented, Hunt asked the ADFA to place his administrative hearing on hold. In response, Hunt received a letter from Defendant Gottsponer, telling him that his driver's license would be suspended until another hearing was held. However, Defendant A.O. Byles, a hearing officer with the ADFA, told Hunt that he would not get any further hearings on the matter. Consequently, Hunt's driver's license remained suspended. Hunt believes that Byles' other job as a police officer for Marianna improperly influenced this decision.

Hunt further alleges that his constitutional rights were violated when Defendant Felton tried him on DWI charges, even though he did not have a lawyer present. At the conclusion, Judge Felton found Hunt not guilty of the DWI charge, and guilty of two associated charges. Another public defender-- Defendant McGill-- was appointed to represent Hunt on appeal. Hunt alleges that McGill refused to file a speedy trial motion, and that Hunt was forced to file the motion on his own. Hunt's Motion was adopted, and all charges were dismissed.

In the meantime, Hunt's driver license stayed suspended for 18 months, pending the outcome on the DWI charge. Hunt asserts that he was unconstitutionally deprived of his right to drive a car. Hunt further maintains that Spears and McGill practice law with Marianna's City Attorney, Robert Donovan, and with the Deputy Prosecuting Attorney for the City, Doddridge Daggett; and that all these attorneys conspired to deprive him of his driver's license, his right to a speedy trial, and his right to equal protection.

After the DWI charges were dismissed, Hunt maintains that he was harassed by various Marianna police officers. According to Hunt, he was illegally stopped, searched, and

threatened with a arrest by Officer Thomas.  Hunt complained about this incident to Mayor Taylor and Police Chief Tucker.  According to Hunt, nothing was done, and the harassment continued.  For instance, Hunt was also stopped and searched by Officer Scott, and by Officer Greer.

In response to these events,  Hunt and other Marianna citizens attended a City Council meeting to protest police misconduct.  Mayor Taylor refused to allow Hunt and his fellow citizens to voice their complaints at the meeting.

Following his attempt to speak to the city council,  Hunt was arrested for theft of property by Officers Wilson, Scott, and Richardson.  The arrest warrant was signed by Judge Felton.  Like the DWI charge, these charges were eventually dismissed.

Hunt alleges that Officers Smith, Bond, Kennedy, Scott, Thomas, and Greer violated his constitutional rights when they arrested him for DWI without probable cause, and unreasonably stopped and searched him on several occasions.  He also alleges that Judge Felton, and Officers Richardson, Scott, and Wilson violated his constitutional rights when a warrant for his arrest was issued, without probable cause, for theft of property.

Hunt alleges that Chiefs of Police Davis and Tucker, members of the City Council, and the Mayor did not properly train or supervise the officers responsible for violating Hunt's constitutional rights. Hunt further alleges that the City of Marianna is liable under the doctrine of *respondent superior* for the misconduct of its police officers, chiefs of police and its council members.

After reviewing the pleadings and the attached documents, and considering the arguments of the parties, I find as follows:

1.  The claims against Judge Felton are dismissed. Hunt alleges that Judge Felton violated his constitutional rights when he tried him on the DWI and related charges without an attorney, and when he signed the arrest warrant for theft of property. Judges are entitled to absolute immunity when they are performing duties that are an "integral part of the judicial process."[9] Conducting a trial is a judicial function protected by absolute immunity.[10] Judges also have absolute immunity when issuing arrest warrants.[11]

2.  Sims, Gottsponer, and A.O. Byles (officials with the ADFA) are dismissed on the pleadings. Hunt alleges that they deprived him of his right to a driver's license without a hearing. These claims are dismissed as a matter of law because there is no fundamental right to drive a car.[12] Also, the U.S. Supreme Court has held that a drivers license can be suspended without a hearing.[13] Accordingly, no cause of action would arise from a hearing that was not conducted according to Hoyle. I also note that there is no evidence that members of any similarly situated group or class were treated more favorably.

---

[9] *Briscoe v. LaHue*, 460 U.S. 325 (1983).

[10] *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Hollowell v. Johnson*, 46 Fed. Appx. 388 (8th Cir. 2002).

[11] *Duty v. City of Springdale, Ark.*, 42 F.3d 460 (8th Cir. 1994).

[12] *Costner v. U. S.,* 720 F.2d 539 (8th Cir. 1983) (withholding licenses from individuals does not interfere with the exercise of a fundamental right).

[13] *Mackey v. Montrym*, 443 U.S. 1 (1979).

3. Means and Munns, (Commissioner and Administrator of the ADFA, respectively), are dismissed on the pleadings, and as a matter of law, for two reasons. First, their employees or agents -- Sims, Gottsponer and Byles -- are not liable for the reasons stated above. Second, the doctrine of *respondeat superior* (where a superior is vicariously liable for a subordinate's misconduct) does not apply in § 1983 actions.[14]

4. The claims against the ADFA are dismissed for the same reasons cited in paragraphs two and three.

5. Spears is dismissed because he is a public defender and is not a state actor under §1983.[15] Also, Hunt did not provide enough evidence to create a jury question that Spears conspired to deprive Hunt of fundamental constitutional rights and to equal protection. As public defender, Spears is obligated to represent Hunt on criminal charges -- but not before state agencies.[16]

6. Daggett and Donovan (the Deputy Prosecutor and City Attorney) are dismissed. Hunt alleges that Daggett and Donovan conspired to deprive him of his driver's license by interfering with his right to an attorney before the ADFA. These claims are dismissed, as a matter of law, because Hunt does not have a fundamental right to

---

[14] *Hughes v. Stottlemyre*, 454 F.3d 791 (8th Cir. 2006 ) (*citing Crawford v. Davis*, 109 F.3d 1281, 1284 (8th Cir. 1997) (it is well settled that § 1983 does not impose *respondeat superior* liability)).

[15] *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Eling v. Jones*, 797 F.2d 697, 698-99 (8th Cir. 1986), *cert. denied*, 480 U.S. 917 (1987).

[16] *U.S. v. Edelmann*, 458 F.3d 791(8th Cir. 2006) (the right to counsel does not attach until a prosecution is commenced).

drive a car, and is not entitled to an attorney during an administrative hearing.[17] I also note that there is no evidence that Daggett and Donovan conspired to deprive Hunt of equal protection. In order to succeed in a civil rights conspiracy claim under § 1983, Hunt must provide some facts showing a mutual understanding between defendants to commit unconstitutional acts.[18] Hunt has not provided any facts supporting his conspiracy claims. Overall, "conclusory conspiracy allegations" are insufficient to support Hunt's claims against Spears, Daggett and Donovan.[19]

7. Kell, Davis, Buford, Chaffin, Otha and Essie Westbrook, Evans, and Hightower are dismissed because Mr. Hunt did not produce enough evidence to create a jury issue as to whether these city councilpersons created an unconstitutional policy or acted with deliberate indifference to police misconduct.[20]

8. The claims against Davis (Chief of Police at time of Hunt's DWI arrest) are dismissed. Hunt did not produce any evidence that Chief Davis was deliberately indifferent to police misconduct or that he tacitly authorized such conduct.[21]

---

[17]*Id.*

[18]*Kurtz v. City of Shrewsbury*, 245 F.3d 753 (8th Cir. 2001).

[19]*Johnson v. Esry*, 210 F.3d 379 (8th Cir. 2000) (*citing Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988)).

[20]*Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978); *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Reasonover v. St. Louis County*, 447 F.3d 569 (8th Cir. 2006) (plaintiff failed to show that actions of a municipal board was the moving force behind the alleged constitutional violations).

[21]*Gayson v. Ross*, 454 F.3d 802 (8th Cir. 2006).

Furthermore, Hunt did not produce evidence that Davis was on notice that police training procedures were inadequate and likely to result in constitutional violations.[22]

9. The claims against Tucker (Chief of Police at the time Hunt was allegedly harassed by Thomas, Greer, and Scott) are also dismissed. Hunt alleges that Tucker ignored his complaint about Officer Thomas. Assuming that Tucker ignored one complaint, against one officer, this is not sufficient to raise a jury question as to whether Tucker was deliberately indifferent to police misconduct.[23] Likewise, Hunt did not present enough evidence that Tucker failed to supervise the officers under his control. "Section 1983 liability will be permitted only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."[24] There is insufficient evidence to create a jury question that Tucker acted with deliberate indifference to the rights of the citizens of Marianna.[25]

10. For the reasons set out in the next preceding paragraph above, the claims against Taylor are dismissed. Hunt did not produce sufficient evidence that Taylor was deliberately indifferent to the rights of Hunt and the citizens of Marianna.[26]

---

[22]*Larkin v. St. Louis Housing Authority Development Corp.*, 355 F.3d 1114 (8th Cir. 2004).

[23]*White*, 21 F.3d at 280; *see also Chaote v. Lockhart*, 7 F.3d 1370 (8th Cir. 1993) (complaint showed negligence, but did not approach requirement that supervisors acted with deliberate indifference).

[24]*City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989).

[25]*Id.* at 389.

[26]*Id.*

11. The claims against the City of Marianna are also dismissed. Hunt did not produce evidence, outside his bare allegations, that the City of Marianna created policies or customs that led to pervasive police misconduct.[27]

12. Hunt submitted sufficient evidence to create a jury issue in support of his §1983 claims against Smith, Bonds, and Kennedy. Hunt alleges that these officers unreasonably arrested him for DWI, in violation of the Fourth Amendment. To prevail on this claim, Hunt must (1) show that the officers had no probable cause to arrest him, and (2) he must raise a genuine issue of material fact about whether reasonable officers would have known that their conduct violated the Fourth Amendment.[28] Hunt maintains that he was walking down the street when he was arrested, and the officers did not give him a sobriety test before taking him to jail. There is no testimony from the arresting officers refuting Hunt's version of events, or explaining the facts and circumstances confronting them at the time of Hunt's arrest. Therefore, Hunt's assertions create a fact question about the reasonableness of this arrest.

13. Likewise, Hunt submitted sufficient evidence to support his § 1983 claims against Thomas, Scott, and Greer. These officers allegedly detained and searched Hunt in violation of his Fourth Amendment rights. Whether a police officer is entitled to qualified immunity against such allegations depends on the "objective legal

---

[27]*Mittendorf v. Purkett*, 210 F.3d 379 (8th Cir. 2000) (bare allegations were insufficient to support an inmate's civil rights claims).

[28]*Smithson v. Aldrich*, 235 F.3d 1058, 1061(8th Cir. 2000).

reasonableness" of the officer's conduct at the time of the alleged violation.[29] Again, there is no testimony from the officers refuting Hunt's allegations. Hunt's uncontradicted assertions create a fact-question that the officers acted unreasonably.

14. Hunt submitted sufficient evidence to support his § 1983 claims against Scott, Richardson and Wilson. "If an officer alleges conduct by an arrestee giving rise to probable cause and those facts are undisputed, the officer is entitled to qualified immunity. If, however, the arrestee challenges the officer's description of the facts and presents a factual account that would not permit a reasonable officer to make an arrest, then there is a material factual dispute precluding summary judgment."[30] Hunt asserts that the arrest warrant was based on false, second-hand information, which the officers knew or should have known was unreliable. There is no testimony from these officers countering Hunt's charges. Hunt's uncontradicted allegations create a material factual dispute.

15. Hunt's Motion to serve Defendant McGill was granted during the hearing. But, after reviewing the allegations against McGill, I have reconsidered. Hunt filed an amended Complaint[31] and Second Amended Complaint[32] that include allegations against McGill. Because, McGill was never served, I granted Hunt's request to extend the time for service. However, the amended complaints allege that McGill, a

---

[29]*Harlow v. Fizgerald*, 457 U.S. 800, 818 (1982); *Winters v. Adams*, 254 F.3d 758 (2001).

[30]*Hill v. Scott*, 349 F.3d 1068, 1071-72 (8th Cir. 2003)(*citing Arnott v. Mataya*, 995 F.2d 121, 123-24 (8th Cir. 1993)).

[31]Doc. No. 42.

[32]Doc. No. 72.

public defender, conspired to violate Hunt's constitutional rights when he failed to raise a speedy trial issue. These allegations are questionable, for three reasons -- first, public defenders are not state actors for purposes of § 1983; second, Hunt has not provided any evidence that Donovan, Daggett, and Spears are guilty of civil conspiracy, and it is unlikely that he can show civil conspiracy with respect to McGill; and third, even if these allegations can be proved, the charges against Hunt were dismissed on appeal, precisely because he was not provided with a speedy trial-- so, Hunt suffered no damages from any alleged failure of McGill. I have discretion to grant or deny a motion to extend the time for service of process.[33] Because of the flimsy allegations against McGill, joining him as a Defendant in this case would be futile.

IT IS THEREFORE CONSIDERED AND ORDERED THAT:

The Motion for Summary Judgment filed by Separate Defendants, Means, Munns, Sims, and Gottsponer is GRANTED and the claims against these defendants are DISMISSED with prejudice. The claims against the Arkansas Department of Finance and Administration are also DISMISSED with prejudice.

The Motion for Summary Judgment filed by Spears is GRANTED and the claims against Spears are DISMISSED with prejudice.

The Motion for Summary Judgment filed by the City of Marianna, Byles, Felton, Kell, Davis, Buford, Chaffin, Otha and Essie Westbrook, Hightower, Daggett, and Donovan is GRANTED and the claims against these defendants are DISMISSED with prejudice.

---

[33]*Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir. 1998).

The Motion filed by Plaintiff to Serve Dan McGill is DENIED. The claims against McGill are DISMISSED. The Motion to Depose Mr. McGill is DENIED as MOOT.

The Motion to Reissue Summons and Service to Defendant Greer is GRANTED.

The Motion for Summary Judgment filed by Smith, Bond, Kennedy, Thomas, Scott, Wilson, Richardson, and Greer is DENIED.

The Motion to Reply to Plaintiff's Response by the City of Marianna and its employees[34] is DENIED.

A Judgment will not be issued from this Order unless I am convinced that there is no "just reason for delay."[35] Until such an express finding is made, and a Judgment entered, any appeal from this Order will not be taken in good faith.

IT IS SO ORDERED this 15th day of November, 2006.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[34] Doc. No. 206.

[35] Fed. R. Civ. P. 54(b).