**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**KENNETH HUNT**                                                                                              **PLAINTIFF**

**V.**                                              **2:03CV00194-WRW**

**HAROLD SMITH, et al**                                                                                      **DEFENDANT**

**ORDER**

Pending are Plaintiff Kenneth Hunt's Motion to Compel the deposition of Defendant Harold Smith ("Smith"),[1] and Defendants, Preston Means ("Means"), Mike Munns ("Munns"), Susan Sims ("Sims"), and Anita Gottsponer's ("Gottsponer") Motion for a Final Order.[2]

According to Plaintiff's motion and brief, he noticed Harold Smith ("Smith") for a deposition, but refused to stipulate to a deposition by telephone. Plaintiff is *pro se.* The lawyers for all the defendants in this case have attempted to cooperate with Plaintiff to complete discovery, and Plaintiff has been allowed reimbursement for his costs, including the costs for court reporter fees. Despite this, Plaintiff refused to depose Smith by telephone. Plaintiff was given a reasonable opportunity to depose Smith, and he failed to take advantage of it. Plaintiff may utilize other means of obtaining additional information through the use of Interrogatories and Request for Production of Documents under Fed. R. Civ. P Rules 33 and 34.

---

[1] Doc. No. 150.

[2] Doc. No. 190.

The Plaintiff's claims against Defendants Means, Munns, Sims and Gottsponer were dismissed by my November 15, 2006 Order. These defendants request a Judgment be entered to finalize the dismissal of the claims, even though all the claims in this case have not been resolved.

Rule 54(b) of the Federal Rules of Civil Procedure permits district courts to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."[3]

In determining that there is no just reason for delay, the district court has discretion and must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.[4] Considering the number of defendants sued in this case, and the fact that Plaintiff is *pro se* -- allowing a piecemeal appeal of the numerous claims in this case would greatly hinder judicial efficiency.

Accordingly, Plaintiff's Motion to Compel is DENIED; and Defendants Munns, Means, Sims, and Gottsponer's Post-Trial Motion for a Final Order is DENIED.

IT IS SO ORDERED this 6th day of December, 2006.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[3] Fed. R. Civ. P. 54(b).

[4] *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 806-07 (8th Cir.1993)(*citing Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 10 (1980)).