IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**KENNETH HUNT**                                                                                          **PLAINTIFF**

**V.**                                              **2:03CV00194-WRW**

**HAROLD SMITH, et al**                                                                              **DEFENDANTS**

## ORDER

Pending are Plaintiff's Request for Approval of Expenditure (Doc. No. 223) and Motion for Reconsideration of Denial of Model Federal Rules of Disciplinary Enforcement Complaint (Doc. No. 224).

**Request for Approval of Expenditure**

Plaintiff's Request for Approval of Expenditure (Doc. No. 223) is DENIED. A *pro se* litigant does not have a right to have discovery expenses paid for by the court.[1] In fact, some courts have held that the court has no authority to grant expenses for depositions.[2]

Plaintiff asserts that he has five defendants he needs to depose. However, Plaintiff has not named who needs to be deposed, nor has he shown what information he seeks to elicit through depositions and how it relates to his claims. Moreover, Plaintiff has not established that he is unable to obtain the information he seeks by other means of discovery.

---

[1] *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (§ 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) (*in forma pauperis* statute does not require government to advance funds for deposition expenses); *Tajeddini v. Gulch*, 942 F. Supp. 772, 782 (D. Conn. 1996) (*in forma pauperis* status does not require advancement of fund by the court for deposition expenses).

[2] *Coates v. Kafczynski*, No. 2:05-CV-3, 2006 WL 416244, at *2 (W.D. Mich. Feb. 22, 2006) (holding that court is not authorized to pay for depositions); *Toliver v. Cmty. Action Comm'n to Help the Econ.*, 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for pro se *in forma pauperis* plaintiff).

**Motion for Reconsideration**

Plaintiff's Motion for Reconsideration of Denial of Model Federal Rules of Disciplinary Enforcement Complaint (Doc. No. 224) is DENIED. In a May 18, 2006 Order[3] and, again, in a December 6, 2007 Order,[4] I directed Plaintiff to no longer file pleadings on this issue.

The Clerk of the Court is directed to no longer accept or file any documents submitted by Plaintiff regarding disciplining his former lawyer.

IT IS SO ORDERED this 13th day of December, 2007.

       /s/ Wm. R. Wilson, Jr._____
      UNITED STATES DISTRICT JUDGE

---

[3] Doc. No. 117.

[4] Doc. No. 225.