IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| **KENNETH HUNT**<br>counsel: Kenneth Hunt, Pro-Se<br>counsel:<br><br>vs<br><br>**OVELL SCOTT**<br>counsel: Keith Wren<br>counsel: | Judge : Bill Wilson<br>Reporter: J. Ammons<br>Clerk: M. Johnson<br>Interpreter:<br>USPO: |

Date: July 21, 2009

CASE NO: 2:03CV00194-WRW

**COURT PROCEEDING: Jury Trial**

Begin: 7/21/2009 at 8:55 a.m.                    End: 7/21/2009 at 3:57 p.m.

Pretrial w/parties; Jury selection; 7 jurors selected and sworn; Pltf begins evidence; Pltf rests; Pltf and Deft motions for directed verdict denied; Deft rests; Renewed motions for directed verdict denied; Court gives closing instructions; parties make closing arguments; Bailiff sworn; jury begins deliberations; Jury returns w/verdict in favor of deft. (Court Exhibits A - D attached; Pltf Exhibit #4 returned to Pltf)

Judgment to be entered.

Court in recess.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTEARN DIVISION

KENNETH HUNT            PLAINTIFF

V.          2:03CV00194-WRW

HAROLD SMITH, et al            DEFENDANTS

### PLAINTIFF WITNESS LIST

The names addresses and telephone numbers of witnesses for the party:

**RESPONSE:** Plaintiff will call these witnesses:

(a) Calvin Walton, 327 Liberty Street, Marianna Arkansas 72360, telephone # 870-821-1553.

(b) Allen Pitman 266W. California St. Marianna AR. 72360.

(c) Brenda Thomas Coney --- Louisiana St. Marianna AR. 72360.

(d) Robert Grant, 45 Alamo St. Marianna AR 72360, telephone # 870-298-2779 (Subpoena)

(e) Johnny Evans 284 S. Carolina St. Marianna AR 72360 870-295-3888

(f) Gene Thompson, 484 Beal, Marianna AR. 72360 870-295-6695

(g) Mary Conley, 71 Sunset Marianna, AR. 72360  (Subpoena)

(h) Marianna Police Dispatcher Metcalf who logged 9-23-2003 police log.

(i) Robert Donovan---- defendants has address

(j) Robert Taylor---- defendant has address

(k) All officers employed at the time concerning bonus pay issue (may be called)

(l) Michael Thomas

Plaintiff may call any party who has been named in this lawsuit.

(#1) Ouiee Scott  7/21/09

# United States District Court
## Eastern DISTRICT OF Arkansas
### Eastern DIVISION

Kenneth Hunt

v.

Harold Smith, et al

**EXHIBIT LIST**

CASE NUMBER: 2:03CV00194-WRW

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Bill Wilson | Kenneth Hunt | Keith Green |
| TRIAL DATE(S) 7/21/09 | COURT REPORTER Sammons | COURTROOM DEPUTY Mohurn |

| PLF NO. | DEF NO. | DATE OFFERED | obj. | stip. | red. | DESCRIPTION OF EXHIBITS |
|---|---|---|---|---|---|---|
| 1 | | 7/21 | | | NO | Transcript of Hearing |
| 2 | | 7/21 | | | NO | Motion for Sanctions |
| 3 | | 7/21 | | | NO | Newspaper Article |
| 4 | | 7/21 | | | Yes | Newspaper Article |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTEARN DIVISION

KENNETH HUNT                                                      PLAINTIFF

V.                          2:03CV00194-WRW

HAROLD SMITH, et al                                               DEFENDANTS

### PLAINTIFF EXHIBIT LIST

Now comes, Plaintiff, Kenneth Hunt, pro-Se, with his Exhibit list below;

1. Exhibit Exb #W of Plaintiff's Response to Statement of Uncontested Facts and actual January 29th 2004 Courier Index Newspaper, Vol. 131 No. 30.
2. Records from the Marianna Police Department.
3. Affidavit of Brenda Coney.
4. Affidavit of Allen Pittman
5. Affidavit of Robert Grant.
6. Interrogatories and Affidavit of Ovell Scott.
7. Affidavit of Martin Wilson.
8. Pleadings from Plaintiff and defendants involving defendant Ovell Scott.
9. Depositions and responses to interrogatories and request for productions of documents of parties to this action.
10. Transcript of Lee County Justice of Peace Shirley Armstrong
11. Arrest Record of Mary Conley.

Plaintiff plans to offer testimony and depositions of any party to this action

Respectfully submitted this 11th day of March, 2008

Kenneth Hunt Pro-Se
S. Carolina St.
Marianna, AR. 72360
(870276) 295-5002

1

# United States District Court

Eastern DISTRICT OF Arkansas
Eastern DIVISION

Kenneth Hunt

v.

Harold Smith, et al

**WITNESS LIST**

CASE NUMBER: 2:03CV00194-WRW

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Bill Wilson | Kenneth Hunt | Keith Wren |

| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |
|---|---|---|
| 7/21/09 | Sammons | M. Johnson |

### DESCRIPTION OF WITNESSES

(1) Orell Scott

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/20/09 | His resident - 71 W. Chestnut, Marianna, AR 72360 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Robert Taylor | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Gloria J. Hunt | Marianna Citizen |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   7/20/09
                   DATE

Gloria J. Hunt
SIGNATURE OF SERVER

276 South Carolina St.
ADDRESS OF SERVER

Marianna, AR 72360

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

*Count XB*

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| SERVED | 7/20/09 | Her resident 182 Cherry St Marianna, AR 72360 |

Served On (Print Name): **Barbara Burnett**

Manner of Service:

Served By (Print Name): **Gloria J. Hunt**

Title: **Marianna Citizen**

### DECLARATION OF SERVER

I declare, under penalty of perjury under the laws of the State of Arkansas that the foregoing information contained in the Proof of Service is true and correct.

Executed on **7-20-09**
Date

Signature of Server: **Gloria G. Hunt**

Address of Server: **276 South Carolina St. Marianna, AR 72360**

### NOTICE TO PERSONS SUBJECT TO SUBPOENAS

Regardless of his or her county of residence, a witness subpoenaed for examination at a trial or hearing must be properly served with a subpoena at least two days prior to the trial or hearing, or within a shorter time if the court so orders. The subpoena must be accompanied by a witness fee calculated at the rate of $30.00 per day for attendance and $0.25 per mile for travel from the witness' residence to the place of the trial or hearing. Rule 45(d), Ark. R. Civ. P.

A witness subpoenaed in connection with a deposition must be properly served with a subpoena at least five business days prior to a deposition, or within a shorter time if the court so orders. The witness is required to attend a deposition at any place within 100 miles of where he or she resides, is employed, or transacts business in person, or at such other convenient place set by court order. The subpoena must be accompanied by a witness fee calculated at the rate of $30.00 per day for attendance and $0.25 per mile for travel from the witness' residence to the place of the deposition. Rule 45(e), Ark. R. Civ. P.

A subpoena may command the person to whom it is directed to produce for inspection any books, papers, documents, or tangible things designated in the subpoena. The person subpoenaed may ask the court to quash or modify the subpoena if it is unreasonable or oppressive or to require that the person on whose behalf the subpoena is issued pay the reasonable cost of such production. Rule 45(b), Ark. R. Civ. P. If the subpoena is issued in connection with a deposition, the person subpoenaed may object in writing to inspection or copying of any or all of the designated materials or seek a protective order from the court. If a written objection is made within ten days of service of the subpoena or on or before the time specified for compliance if such time is less than ten days, the party causing the subpoena to be issued is not entitled to inspect the materials unless the court so orders. Rule 45(d), Ark. R. Civ. P.

When a witness fails to attend in obedience to a subpoena or intentionally evades the service of a subpoena by concealment or otherwise, the court may issue a warrant for arresting and bringing the witness before the court to give testimony and answer for contempt. Rule 45(g), Ark. R. Civ. P.

Count X C

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| SERVED | 7-20-09 | His resident | 45 Alanio Marianna, AR 72360 |

SERVED ON (PRINT NAME): Robert Grant

MANNER OF SERVICE:

SERVED BY (PRINT NAME): Gloria J. Hunt

TITLE: Marianna Citizen

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of American that the foregoing information contained in the Proof of Service is true and correct.

Executed on

7-20-09         Gloria G. Hunt
DATE            SIGNATURE OF SERVER

276 South Carolina St.
ADDRESS OF SERVER

Marianna, AR 72360

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents, or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause(c)(3)(B)(iii) rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or protection only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (11/91) Subpoena in a Civil Case

Count XD

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/20/09 | His resident - 284 S. Carolina St Marianna, AR 72360 |

SERVED ON (PRINT NAME)          MANNER OF SERVICE
Johnny C. Evans

SERVED BY (PRINT NAME)           TITLE
Gloria J. Hunt                   Marianna Citizen

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of American that the foregoing information contained in the Proof of Service is true and correct.

Executed on  7-20-09

7-20-09                Gloria J. Hunt
DATE                   SIGNATURE OF SERVER

276 South Carolina St. Marianna, AR 72360
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents, or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause(c)(3)(B)(iii) rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or protection only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (11/91) Subpoena in a Civil Case